1  McGREGOR W. SCOTT
   United States Attorney
2  PHILIP A. FERRARI
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2744

**FILED**

FEB - 5 2007


CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. No. S-06-0360 WBS |
| ) | |
| Plaintiff, ) | PLEA AGREEMENT |
| ) | |
| v. ) | |
| ) | |
| JASON FLYNN, ) | DATE: TBD |
| ) | TIME: 9:00 a.m. |
| Defendant. ) | Hon. William B. Shubb |

**I.**

**INTRODUCTION**

**A. Scope of Agreement:** The Indictment in this case charges the defendant with one count of possessing a destructive device and one count of being a felon in possession of an explosive. This document contains the complete Plea Agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This Plea Agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

**B. Court Not a Party:** The Court is not a party to this Plea

1

Agreement.  Sentencing is a matter solely within the discretion of the Court, the Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this Plea Agreement.  If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this Agreement.  The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II.

### DEFENDANT'S OBLIGATIONS

**A. Guilty Plea:** The defendant will plead guilty to Count One of the pending Indictment, charging possession of a destructive device, in violation of 26 U.S.C. § 5861(d).  The defendant agrees that he is in fact guilty of this charge and that the facts set forth in the Factual Basis attached hereto as Exhibit A are accurate.

**B. Special Assessment:** The defendant agrees to pay a special assessment of $100.00 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing.  If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

# III.

## THE GOVERNMENT'S OBLIGATIONS

**A. Dismissal:** The government agrees to move, at the time of sentencing, to dismiss the remaining count against this defendant in the pending Indictment.

**B. Recommendations:**

**1. Incarceration Range:** The government will recommend that the defendant be sentenced to the low end of the applicable guideline range for his offense as determined by the United States Probation Office.

**2. Acceptance of Responsibility:** If the United States Probation Office determines that a three-level reduction in defendant's offense level for his full and clear demonstration of acceptance of responsibility is appropriate under U.S.S.G. § 3E1.1, the government will not oppose such a reduction.

# IV.

## ELEMENTS OF THE OFFENSE

**A. Elements of the Offense:** At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense charged, possession of a destructive device:

First, the defendant knowingly possessed a destructive device, meaning in this case an explosive bomb or similar device; and

Second, the destructive device was not registered with the National Firearms Registration and Transfer Record.

# V.

## MAXIMUM SENTENCE

**A. Maximum Penalty:** The maximum sentence which the Court can impose is a ten (10) year term of imprisonment, a three (3) year

term of supervised release, a fine of $10,000, and a special assessment of $100. By signing this Agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to two (2) additional years imprisonment.

## VI.
### SENTENCING DETERMINATION

**A. Statutory Authority:** The defendant understands that the Court must consult the United States Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, __ U.S. __, 125 S.Ct. 738 (2005)). The defendant understands that the Court must take these guidelines into account when determining the defendant's final sentence. The defendant understands that the Court will determine a guideline sentencing range for this case pursuant to the Sentencing Guidelines and that this sentencing range is non-binding and advisory on the Court. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. Defendant further understands that, after consultation and consideration of the

Sentencing Guidelines, the Court must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

**B. Stipulations Affecting Guidelines Calculation:** The government and the defendant agree that there is no material dispute as to the following sentencing guidelines variables and therefore stipulate to the following:

**1. Base Offense Level:** The parties agree that under U.S.S.G. §2K2.1, the base offense level is no less than 22, because the offense involved a firearm described in 26 U.S.C. §5845(a) and because the defendant previously sustained at least one felony conviction for a controlled substance offense.

**2. Destructive Device Enhancement:** The parties agree that a two-level increase is appropriate under U.S.S.G. §2K2.1(b)(3)(B).

**3. Acceptance of Responsibility:** As stated above.

**4. Departures or Other Enhancements or Reductions:** The parties stipulate and agree that they will not seek or argue in support of any other specific offense characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"), or cross-references. Both parties stipulate and agree not to move for, or argue in support of, any departure from the sentencing guidelines. Both parties stipulate and agree not to move for, or argue in support of, any sentence other than the sentence determined by the sentencing guidelines consistent with the stipulations herein. Both parties agree and stipulate that the guideline sentence is the reasonable sentence in this case.

///
///

**VII.**

**WAIVERS**

**A. Waiver of Constitutional Rights:** The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on his behalf; (e) to confront and cross-examine witnesses against him; and (f) not to be compelled to incriminate himself.

**B. Waiver of Appeal and Collateral Attack:** The defendant understands that the law gives him a right to appeal his conviction and sentence. He agrees as part of his plea, however, to give up the right to appeal the conviction and the right to appeal any aspect of the sentence imposed in this case as long as his sentence is consistent with the stipulations set forth above about the sentencing guidelines variables. He specifically gives up his right to appeal any order of restitution the Court may impose.

The defendant also gives up any right he may have to bring a post-conviction attack on his conviction or his sentence. He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence.

If the defendant's conviction on any of the counts to which he is pleading is ever vacated at the defendant's request, or his sentence is ever reduced at his request, the government shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this agreement; and (3) to file any new charges that would otherwise be barred by this agreement. The

decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office. By signing this agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision. In particular, he agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

**C. Waiver of Attorneys' Fees and Costs**: The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations.

## VIII.

### ENTIRE PLEA AGREEMENT

Other than this Plea Agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX.

### APPROVALS AND SIGNATURES

**A. Defense Counsel**: I have read this Plea Agreement and have discussed it fully with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement. I concur

in my client's decision to plead guilty as set forth in this Agreement.

DATED: 1/31/07  _____
NED SMOCK, Esq.
Attorney for Defendant

**B. Defendant:** I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines which may apply to my case. No other promises or inducements have been made to me, other than those contained in this Agreement. In addition, no one has threatened or forced me in any way to enter into this Plea Agreement. Finally, I am satisfied with the representation of my attorney in this case.

DATED: 1/31/07  _____
JASON FLYNN, Defendant

**C. Attorney for United States:** I accept and agree to this Plea Agreement on behalf of the government.

DATED: 2/5/07
McGREGOR W. SCOTT
United States Attorney

By: _____
PHILIP A. FERRARI
Assistant U.S. Attorney

1

**EXHIBIT "A"**
**Factual Basis for Plea**

On July 26, 2006, the defendant Jason Flynn drove a Chevrolet El Camino (CA 7V60194) in and around Stockton, California. Just prior to 5 p.m., as he neared the intersection of West Lane and Pyrenees Lane, Flynn was involved in a series of hit and run accidents. Flynn was observed abandoning the vehicle on Pyrenees Lane and fleeing the scene. A Stockton Police officer was flagged down, and he examined the vehicle. In the truck bed, he found a Pepsi 24 pack cardboard box. He opened the box and observed a plastic container with clear packing style tape. He opened the object and observed several wires leading to a white plastic tube that was approximately 12 inches long. The wires connected the tube to a white plastic kitchen timer. Bomb technicians were called to the scene, confirmed it was an explosive device, and rendered the device safe. Subsequent analysis confirmed that the white plastic tube contained Tovex, a commercial explosive. Neither the Tovex nor the destructive device itself was registered in the National Firearms Registration and Transfer Record.

The El Camino had recently been purchased by Flynn, he was the sole occupant at the time the abandoned it on July 26, and he subsequently admitted to knowing the destructive device was in the vehicle.

2